**UNIQUE CONCEPTS, INC., and Floyd M. Baslow, Plaintiffs,**

v.

**Kevin BROWN, et al., Defendants.**

**No. 86 Civ. 2891 (MP).**

United States District Court,
S.D. New York.

May 4, 1990.

See also 659 F.Supp. 1008.

Maurice B. Stiefel, Bryan, Cave, McPheeters & McRoberts, New York City, for plaintiffs Unique Concepts, Inc. and Floyd M. Baslow; Stephen P. Gilbert, of counsel.

William J. Thomashower, Kaplan, Thomashower & Landau, New York City, for defendants Kevin Brown, et al.

OPINION AND DECISION

MILTON POLLACK, Senior District Judge.

On May 2, 1988, the parties entered into a stipulation which was so ordered by the Court reading that "this stipulation and order represents a compromise of disputes and claims and is not to be construed as an admission of liability on the part of either party. The parties expressly deny liability for all such disputes and claims and intend merely to limit further litigation with respect to such disputes and claims."

The stipulation continued in paragraph 6 as follows, "The parties agree that the sole issue remaining for disposition in this ac-

tion is plaintiffs' claim of infringement and defendants' counterclaim for declaration of non-infringement of the Exhibit A and Exhibit B products under the '260 patent as to which plaintiffs have asserted infringement of claims 1, 2 and 3. In other respects plaintiffs' and defendants' claims for relief in connection with alleged infringement of the '260 patent by the accused products are dismissed as herein above provided."

As an aid to the Court, the parties further agreed with respect to the Court's order filed September 2, 1987, to the appointment of Thomas F. Reddy as the court-appointed expert and stipulated "that the expert and the Court will only address the interpretation and scope of claims 1, 2 and 3 of the '260 patent based on the prior art, the prosecution history of the application leading to the '260 patent, any other patents, applications and prosecution histories of plaintiffs as are deemed relevant, and the '260 patent as issued. And inasmuch as validity is not an issue they shall reach no conclusion and make no finding with respect to the validity, including alleged indefiniteness of the '260 patent."

The stipulation of the parties further recited "however, in construing the claims of the '260 patent for purposes of determining alleged infringement of the Exhibit A and Exhibit B products as provided for herein, said claims shall not be construed by the expert or the Court so that they are or would be rendered invalid for any reason including indefiniteness."

The issue remaining to be resolved by this trial is presented and defended by the parties on the documentary record and the testimony of accredited experts. Mr. Thomas F. Reddy reported as his opinion that the claims of the patent in suit were infringed. The plaintiffs agree and the defendant disagrees therewith.

Basically, the question presented for trial is whether the claims in suit read on prior art that was not given effect by the patent examiner and what effect that prior art has on the stipulated posture of the case at this time.

■ The Court's expert reported his opinion on the issue of infringement assuming that he was foreclosed from considering invalidity by the stipulation of the parties. While invalidity was thus removed from the scope of the reference, it is established law that the issue of non-infringement invokes consideration whether a claim reads on the prior art, since a claim which reads on the prior art is not subject to infringement; the claim must be given the same scope in determining validity or infringement.

We are dealing here with the defendants' accused assembly of border pieces attachable to a wall for furnishing a framework for mounting wall coverings. The defendant contends that, for purposes of determining infringement, the claims in suit read on prior art that should have been considered and found by the examiner and that prior art is to be taken into account.

The opinion of the plaintiffs' expert was that the patent is both literally infringed as well as being infringed under the doctrine of equivalents. The Court's expert reported infringement under the doctrine of equivalents.

The defendant's expert testified that correctly construed it was necessary to read into claim 1 a keyway which is not present or required in the defendant's assembly and further, that the patent calls for preformed corners, rather than the mitered corners used by the defendant. The defendant's device employs means and a function that are different and more difficult than those in claim 1.

I have seen the diagrams, read the claims in suit, heard and evaluated the testimony of the rival experts, considered the proffered prior art, considered the stipulations of the parties mentioned above; and I have given due deliberation to all the facts and circumstances in the record before me and the applicable law.

The evidence adduced clearly and convincingly showed that the patented claims read on the prior art that has been shown in evidence, proof which really has not been refuted by anyone with any skill in the art. The effect of the evidence entitles the defendant to a decree of non-infringement.

There is no basis for finding that there was literal infringement. Additionally, it has been shown that the devices are not substantial equivalents, since that of the defendants, while performing the same result, does not do so by the same means or function. Claims 2 and 3 are dependent claims and when combined with claim 1 properly construed and dealt with as integrated claims, necessarily, include a keyway which is no part of the accused device. Consequently, there has been no infringement.

■ The file wrapper labelled a keyway as the "crucial" feature of the invention. However, as printed, claim 1 did not state that a keyway was needed. It appears convincingly that an error of omission was made by the examiner. Upon analysis, claim 1 has to be read as including the keyway language. Apart therefrom, claim 1 as written would read directly on the Billarant patent dated April 25, 1972, U.S.P. # 3,657,850.

Claim 1 basically includes two things. It has linear pieces and it has right-angle pieces. Each of the pieces has a raised face. The border piece of the molding is essentially the same in claim 1 as in the Billarant patent; each has a channel behind the face which can be used to store fabric; each has to be made of an integral one-piece plastic material which is relatively resilient material.

It is clear that the Billarant device and the defendants' material perform the same function as the patented item and make a product which looks essentially the same. It is possible to construct samples of the Billarant device, the patented device and the accused device all looking identical and capable of performing identically. The accused product is a structure which basically reads on prior art and if, as charged by plaintiffs, defendant's structure reads on the patented claim, the latter may not be and is not infringed by defendant's structure.

Moreover, adding the "crucial" keyway (so styled by plaintiff in the file wrapper), which is to be read as a limitation on claim 1, a different structure is produced than that of the accused structure.

In addition to the Billarant patent, there is a variety of other prior art described in the record which, if considered in detail, also demonstrates that claims 1, 2 and 3 would be reading on such prior art significantly, so that it could be concluded that there is no infringement by the accused device.

By stipulation of the parties, we may not deal with invalidity. However, the question of infringement still imports all the prior art.

■ So far as concerns the subject of equivalents, it was contended by defendant that the right-angle mitered corner piece of the accused device and that of claims 1, 2 and 3 are not equivalents. It was conceded by defendant that the result is substantially the same; however, the means and function of the patented and accused devices are not the same, negating a finding of equivalents. In light of what needs to be done to make these corner pieces, the means and functions of the two devices are not the same. One of the main objects of the invention was stated to be to make something useful for a do-it-yourselfer. In fact, claim 9, as originally presented, expressly called for mitered pieces and was cancelled because it was not something that a do-it-yourselfer could do, according to the defendant's expert witness. The accused device has a different and complicated way of doing what the right-angle piece does in the patented device. It is a lot simpler for the do-it-yourselfer to use the preformed right-angle pieces of the patented device and far more difficult to create corners by the mitered means used and the function of the accused device.

In short, as properly construed, claim 1 of the patent and consequently claims 2 and 3 are not infringed by the accused device. Claim 1 of the patent, properly construed, necessarily includes a keyway which defendant's device does not have. Further, the accused device uses mitered right-angle corner pieces rather than preformed right-angle corner pieces. Defen-

# 148

dant's expert, whom the Court credits, testified:

A. I believe that if the claims are read without the keyway that they would have been rendered obvious under Section 103 by the Billarant patent.

Q. And that's the reason why—since we can't reject them as obvious under our stipulation, what conclusion must the court reach here, in your opinion?

A. The conclusion that the court must reach is that there must be something there which makes them valid and that is the keyway.

Q. And if the keyway is added in there is no infringement, is that right?

A. That's correct.

The foregoing shall constitute the Findings of Fact and Conclusions of Law in accordance with Rule 54(b) of the Fed.R. Civ.P.

SO ORDERED.